## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

CANDIE PLUMMER,                              )
                                             )
     Plaintiff,                          )
                                             )
     v.                                  )      No. 3:16-CV-05020-DGK-SSA
                                             )
NANCY A. BERRYHILL,                          )
Acting Commissioner of Social Security,      )
                                             )
     Defendant.                          )

### ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Candie Plummer's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments but retained the residual functional capacity ("RFC") to perform work as a toy assembler, small products assembler, and office helper.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications on November 29, 2012, and she alleges a disability onset date of August 10, 2012. The Commissioner denied the applications at the initial claim level,

and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing, and on December 19, 2014, issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on January 22, 2016, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016).  Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work.  The evaluation process ends if a determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g).  Through Step Four of the analysis the claimant bears the

2

Case 3:16-cv-05020-DGK   Document 11   Filed 03/17/17   Page 2 of 6

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).  Plaintiff argues the ALJ erred at Step Four by: (1) failing to adopt a functional limitation suggested by a one-time examining psychologist, Dr. Steven Adams, Psy. D. ("Dr. Adams"), or at least provide a clear rationale why he did not adopt this functional limitation; and (2) failing to order a consultative psychological examination recommended by Dr. Adams.

Both arguments are unavailing.

## I.    The ALJ did not err by not adopting the functional limitation suggested by Dr. Adams, and the decision provides an adequate rationale.

Dr. Adams is a licensed clinical psychologist and consultative examiner who evaluated Plaintiff on March 5, 2014.  Dr. Adams made several findings about Plaintiff's functional capacity which the ALJ incorporated into his RFC determination, including that Plaintiff was limited in her ability to understand complex instructions and was not able to interact in moderately demanding social situations.  R. at 15-16, 506-07.  The ALJ, however, did not fully embrace Dr. Adams' final observation, which was that Plaintiff "does not seem able to adapt to a typical work environment."  R. at 507.  Instead, the ALJ found Plaintiff "is unable to respond appropriately to changes in a routine work setting *that involves complex instructions and tasks*." R. at 16 (emphasis added).  Plaintiff contends the ALJ erred by not finding she is "unable to adopt to changes in a typical work environment *that involve simple tasks*" and incorporating this finding into his question to the vocational expert.  Pl.'s Br. 21 (Doc. 7).

As a threshold matter, the Court does not see how Dr. Adams' observation justifies an RFC limitation that Plaintiff is "unable to adopt to changes in a typical work environment that

_____

burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

involve simple tasks." Dr. Adams questioned Plaintiff's ability to adapt to a typical work environment; he did not find her incapable of adapting to changes in a typical work environment *that involves simple tasks*.

Even if the Court could make the inferential leap Plaintiff suggests, Plaintiff's claim is still unavailing because the ALJ had good reasons not to embrace the conclusion that Plaintiff "does not seem able to adapt to a typical work environment." There is significant medical and non-medical evidence in the record indicating Plaintiff would not have trouble adopting to a typical work environment, much less a work environment involving simple tasks. This evidence includes Plaintiff's irregular treatment for mental impairments, her conservative treatment for depression, a lack of clinical observations suggesting substantial abnormalities, and Plaintiff's relatively normal daily activities and abilities. R. at 16-19, 76-78, 81-82, 407, 414-16, 451, 474-81, 486-502, 506, 536-42.

Furthermore, the ALJ did not err by failing to discuss his reasoning. Although the ALJ did not discuss this evidence in the context of explaining why he did not adopt this limitation, he did discuss it. R. at 16-19. Where an ALJ specifically references a medical opinion and the ALJ's discussion of the evidence as a whole makes clear that he considered and rejected a portion of that opinion, there is no reversible error. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) ("Given the ALJ's specific references to findings set forth in Dr. Michaelson's notes, we find it 'highly unlikely that the ALJ did not consider and reject' Dr. Michaelson's statement that [the claimant] was markedly limited.") (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)).

Thus, Plaintiff's first argument is not persuasive.

4

**II.** **The ALJ did not err in failing to order a psychological examination as recommended by Dr. Adams.**

Plaintiff also argues the ALJ erred by not accepting Dr. Adams' recommendation that Plaintiff undergo a consultative psychological evaluation. The law here is clear: "'[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.'" *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)).

Ample evidence in the record here supports the ALJ's decision that additional psychological testing was not necessary. As the ALJ noted, Plaintiff's treating medical sources made relatively normal findings concerning her mental functioning. R. at 20. For example, Plaintiff's treating sources noted she had good memory, a good attention span, and a linear thought process, which does not suggest cognitive or memory difficulties. R. at 475, 481, 537. Shortly before her alleged disability onset date, three mental status examinations all found Plaintiff had a normal thought process, normal thought content, and average intelligence. R. at 417, 420, 426. And a month before the administrative hearing, a treating physician noted Plaintiff had a "fairly good" recent memory and a "good" remote memory. R. at 537.

Plaintiff's own statements about her limitations do not suggest she had any significant intellectual deficit that needed to be explored either. Although Plaintiff attended special education classes, she graduated high school and attended two years of technical college. R. at 491. She denied having any academic problems other than her special education attendance. R. at 69-70.

Finally, Plaintiff's work history and activities of daily living do not reflect any significant intellectual problem. Plaintiff can read, write, and manage her finances. R. at 322, 491. She worked in the private sector for many years, and she testified at the hearing that she left her last

job for primarily physical reasons, not a cognitive impairment.  R. at 20, 70, 279-80.

Accordingly, the Court cannot say the ALJ erred in failing to order a psychological examination.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 17, 2017          /s/ Greg Kays
                                GREG KAYS, CHIEF JUDGE
                                UNITED STATES DISTRICT COURT